IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:15-cv-04793-DCN |
| CANDICE MURPHY, personally and as Personal Representative of the Estate of John McMeeking, G.M.M, a minor born January 26, 2005, and G.M.M., a minor born December 11, 2006, | ) ) ) ) ) ) | **ORDER** |
| Defendants/Third Party Plaintiffs | ) ) | |
| v. | ) ) | |
| GAIL WILLIAMSON and SHANNON HORNING, | ) ) ) | |
| Third Party Defendants | ) ) | |

This matter is before the court on a number of motions filed by the parties in this case. The court denies Horning's motion for summary judgment on cross-claims against Murphy, ECF No. 135, grants in part and denies in part Murphy's motion for summary judgment, ECF No. 97, and grants in part and denies in part State Farm's motion for summary judgment, ECF No. 103.

## I. BACKGROUND

State Farm is an insurance company incorporated in the state of Illinois with its principal place of business in Illinois. Compl. ¶ 1. Murphy is a resident of Charleston County and is the mother of two minor children who are also residents of Charleston

1

County and who are named defendants in this action.[1]  Id. ¶ 2.  The minor defendants were born on January 26, 2005 and December 11, 2006 to Murphy and John McMeeking ("McMeeking").  Id. ¶¶ 5, 7.  Murphy and McMeeking were married on May 27, 2006.  Id. ¶ 6.  State Farm issued a life insurance policy to McMeeking on October 14, 2009 with a policy date of September 23, 2009.  Id. ¶ 8; Compl. Ex. A.  Murphy was designated as beneficiary of $100,000.00 of the policy, and other persons were designated beneficiaries for the remainder of the basic plan amount of the policy.  Id. ¶ 10.  McMeeking and Murphy entered into a separation agreement on June 22, 2010, which provided that both parties shall have life insurance of $100,000.00 "and shall maintain these at this level for the benefit of the children."  Id. ¶ 9; see also Compl. Ex. B.  On August 5, 2010, a family court judge issued a final order approving the agreement and adopting it as the order of the court.  Compl. Ex. C.  The final order of divorce did not provide by its express terms that McMeeking and Murphy's divorce would not revoke McMeeking's prior designation of Murphy as to beneficiary of the life insurance process.  On October 30, 2012, McMeeking signed a change of beneficiary form listing Murphy as beneficiary of $100,000.00, Stuart McMeeking as beneficiary of $75,000.00, and Shannon Horning as beneficiary of $75,000.00.  See Compl. Ex. D.  On March 17, 2014, a family court judge issued a final order of divorce.  See Compl. Ex. E.  The final order of divorce did not state that, notwithstanding Murphy and McMeeking's divorce, Murphy was to remain as beneficiary of $100,000.00 under the policy.

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2, the minors are referred to by their initials, G.M.M.  The minors have the same initials and are therefore referenced by their birthdates in addition to their initials.

On August 2, 2015, McMeeking died. Compl. ¶ 14. Murphy was appointed personal representative of his estate on August 11, 2015. Id. ¶ 15. Murphy submitted a life insurance claim form claiming benefits under the policy on August 18, 2015. Id. Ex. F. State Farm provided written notice on October 15, 2015 to Murphy that she was disqualified to receive the $100,000 in life insurance proceeds under S.C. Code Ann. § 62-2-507, which states in pertinent part:

> Revocation by divorce, annulment, and order terminating marital property rights . . .
> (c) Except as provided by the express terms of a governing instrument, a court order, or a contract relating to the division of the marital estate made between the divorced individuals before or after the marriage, divorce or annulment, the divorce or annulment of a marriage:
> (1) revokes any revocable:
> (i) disposition or appointment of property or beneficiary designation made by a divorced individual to the divorced individual's former spouse in a governing instrument; [.]

State Farm filed an interpleader action on December 1, 2015 against Murphy and GMM, seeking guidance from the court on how to distribute the $100,000 portion of the proceeds of the policy in light of the statutory restrictions. On March 10, 2016 the court entered an order for interpleader directing State Farm to pay $101,028.50 to the court. ECF No. 19. On March 10, 2016 State Farm paid $101,028.50 to the court. ECF No. 21.

The motions before the court are all pending in this matter, and are all ripe for the court's review. The court held a hearing on June 21, 2017, ECF No. 133, and on October 6, 2017, ECF No. 149.

3

## II. STANDARD

### A. Motion for Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. Id. at 255.

"The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact." Major v. Greenville Hous. Auth., No. 6:12-cv-183, 2012 WL 3000680, at *1 (D.S.C. Apr. 11, 2012). Nevertheless, "when a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. (quoting Fed. R. Civ. P. 56(e)). The plain language of Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1986).  "[C]onclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion."  Major, 2012 WL 2000680, at *1.

### III.  DISCUSSION

Murphy and Horning both move for summary judgment on the interpleader issue, alleging that they are entitled to the $100,000.  State Farm has also moved for summary judgment on the interpleader issue, arguing that Murphy is not entitled to the policy proceeds.  Rather than issuing duplicative orders, the court now addresses the interpleader issue in Murphy's motion for summary judgment, ECF No. 97, State Farm's motion for summary judgment, ECF No. 103, and Horning's motion for summary judgment, ECF No. 135.  The court grants in part Murphy's motion for summary judgment, ECF No. 97, but denies Murphy's motion with regard to attorney's fees, ECF No. 97.  It denies State Farm's summary judgment on the interpleader issue but grants summary judgment on Murphy's counterclaims for bad faith.  ECF No. 103.  Finally, the court denies Horning's summary judgment on his cross-claim that it is he, not Murphy, who is entitled to the $100,000.

1.  **Murphy's Motion for Summary Judgment and for Attorneys' Fees and Costs**
    A.  **S.C. Code Ann. § 62-2-507 as a bar to Murphy's Claim**

Murphy moves for summary judgment and for attorneys' fees and costs on the interpleader issue.  ECF No. 97 at 2.  Murphy contends that because both the application for life insurance and the change of beneficiary form that McMeeking submitted identified Murphy by name as a primary beneficiary—and neither form indicated that she was being named in any representative capacity or that the children were contingent beneficiaries—under the Policy it is clear that she has a right to receive the life insurance

5

proceeds. ECF No. 98 at 4. On October 15, 2015, State Farm denied Murphy the life insurance proceeds as a primary beneficiary, stating that under South Carolina Ann. Code § 62-2-507 divorce revokes any beneficiary designations in favor of a spouse "unless contradicted by a court order or governing instrument," and that because the divorce was not finalized until March 7, 2014—two months after § 62-2-507 was effective Murphy was disqualified from any rights to the life insurance proceeds in her individual capacity. ECF No. 98, Ex. 1 State Farm Letter October 15, 2015. On December 1, 2015 State Farm filed this interpleader action.

The issue before the court on this interpleader action is narrow—Murphy argues that the statute is not applicable, while State Farm contends that the statute is applicable and Murphy is not entitled to receive the life insurance proceeds. The statute specifically disqualifies a former spouse from receiving insurance proceeds unless the parties agree otherwise, and State Farm argues that Murphy has not provided any court order or agreement between Murphy and McMeeking stating that the divorce would not preclude Murphy of the life insurance proceeds. The court disagrees.

Murphy contends that the divorce occurred prior to the amendment of the statute, pointing to an August 5, 2010 order issued by the Honorable Jocelyn B. Cate of the Family Court that approved "the Final Agreement [dated June 22, 2010] which addresses all issues relating to . . . any further equitable division of marital property and debt." ECF No. 98, Ex. C August 2010 Order. A closer look at the June 22, 2010 Final Agreement reveals that it is a formal agreement to separate, and includes a requirement that each parent maintain at least $100,000 of life insurance proceeds for the minor children. Thus the August 5, 2010 order is not, as Murphy attempts to argue, approving

the final order of divorce—that final order of divorce was not entered until March 2014, well after the effective date of the statute. However, this being said, the August 2010 order does state that it approves the June 22, 2010 Final Agreement "resolving the issues of custody of the minor children, visitation and division of any remaining marital debt." ECF No. 98, Ex. C August 2010 Order. Certainly, an Order approving an agreement that "addresses all issues relating to custody of the minor children, visitation, and any further equitable division of marital property and debt" evinces a desire to terminate the marriage. The court finds that the August 2010 Order qualifies as a divorce under the definition of "divorce or annulment" in § 62-2-507(a)(2), which states that divorce is any "divorce or annulment or declaration of invalidity of a marriage . . . includ[ing] a court order purporting to terminate all marital property rights or confirming equitable distribution between spouses[.]" S.C. Code Ann. § 62-2-507(a)(2) (emphasis added). The court finds it particularly compelling that the language of the August 2010 order approving the Final Agreement as to "any further equitable division of marital property and debt" is identical to the language of S.C. Code Ann. § 62-2-507(a)(2) which includes "a court order . . . confirming equitable distribution between spouses" in its definition of "divorce." The court is making somewhat of an educated guess as to the intent of South Carolina's legislature in drafting this statute, as there are only three cases interpreting S.C. Code § 62-2-507. Of these cases, one is this court's own ruling in this case dismissing Murphy's breach of contract and civil conspiracy claims against third-party defendants. The other two cases have addressed whether the statute is preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"). There is no guidance on whether a final court order mandating the equitable distribution of all marital property

7

and debt is a "divorce or annulment" within the meaning of the statute. The court now finds that the August 2010 Order adopting the June 2010 agreement qualifies as a "divorce or annulment" as contemplated by the plain language of S.C. Code Ann. § 62-2-507(a)(2).

Accordingly, Murphy and McKeeking were divorced before the January 1, 2014 effective date of the amended S.C. Code Ann. § 62-2-507. Therefore, S.C. Code Ann. § 62-2-507 does not bar Murphy's claim for the $100,000 in policy proceeds. The interpleader complaint in this case was filed on the basis that S.C. Code Ann. § 62-2-507 barred Murphy from remaining a beneficiary of the $100,000. Since the court has now found that Murphy is not barred as a beneficiary by that statute, the court grants Murphy's motion for summary judgment on the interpleader claim.

### B. Attorney's Fees and Costs

Murphy also moves for attorneys' fees and costs under S.C. Code Ann § 38-63-90 and the Federal Interpleader Statute. As explained in more depth in section III.2, the court finds that State Farm did not file its interpleader action without good cause or in bad faith. Therefore, Murphy's motion for fees is denied.

The first statutory ground that Murphy bases her fees motion on is S.C. Code Ann § 38-63-90, which states that "the insurer is liable to pay the beneficiary . . . all reasonable attorneys' fees for the prosecution of the case" in the event that the trial judge makes a finding that the refusal to pay was "without reasonable cause or in bad faith." Since the court does not make a finding that State Farm's filing of an interpleader action was in bad faith, there is no viable fee award under this statute. Indeed, as explained below, the court <u>grants</u> State Farm summary judgment on the bad faith claim. The court

can imagine a scenario where an insurer's conduct in creating competing claims and delaying payments to a named beneficiary in the context of an interpleader action rises to the level of a viable bad faith claim. However, those facts are not present here.

Murphy also argues that she is entitled to fees under the federal interpleader statute. A review of attorneys' fees cases in the interpleader context reveals that instead of Murphy being the party seeking recovery of attorneys' fees and costs, the federal interpleader statute contemplates State Farm as the interpleader plaintiff seeking fees. "Despite the lack of an express reference in the federal interpleader statute to costs or attorney's fees, federal courts have held that it is proper for an interpleader plaintiff to be reimbursed for costs associated with bringing the action forward." Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Sprague, 251 F.App'x 155, 156 (4th Cir. 2007) (citations omitted) (emphasis added). The policy behind this is that the plaintiff should not have to absorb attorneys' fees in avoiding the possibility of multiple litigation claims. See Stonebridge Life Ins. Co. v. Kissinger, 89 F. Supp. 3d 622, 627 (D.N.J. 2015) ("Because the stakeholder is considered to be helping multiple parties to an efficient resolution of the dispute in a single court, courts find that the stakeholder attorney's fees are justified.") (internal citations and quotation marks omitted)). The court accepted State Farm's interpleader action, and in its May 19, 2017 order the court discussed at length that an insurer's bringing of the interpleader action protected it from liability, see ECF No. 127 at 6–7, and that State Farm's filing of an interpleader action was not a breach of contract. Therefore, the federal interpleader statute also fails to provide a basis for Murphy to recover fees.

2. **State Farm's Motion for Summary Judgment**

State Farm moves for summary judgment on its amended interpleader complaint as well as on Murphy's counterclaims that State Farm acted without good cause and in bad faith. ECF No. 103. As explained above in Section III.1, the court grants Murphy summary judgment on the interpleader issue. It necessarily then denies State Farm summary judgment on that ground. However, the court grants State Farm's summary judgment motion on all of Murphy's counterclaims. At present, this court is the first to rule that a formal separation agreement—namely, the August 2010 Order from the Family Court which approved the June 2010 agreement on "any further equitable division of marital property and debt"—qualifies as a "divorce or annulment" under S.C. Code § 62-2-507. Certainly, there was no definitive case that such an order from the Family Court qualified as a divorce such that State Farm had no basis to interplead the funds. At the time that State Farm interpleaded the funds, it had a reasonable basis to question if Murphy was entitled to the $100,000.00 in proceeds from the Policy. This bars Murphy's counterclaims.

The mere filing of an interpleader complaint does not constitute bad faith or a breach of contract. Courts have been clear that where there is a reasonable ground for contesting a claim, and the court accepts the filing of the interpleader action, the insurer has not acted in bad faith by filing an interpleader claim. For example, in Minnesota Mutual Life Insurance Co. v. Ensley, 174 F.3d 977 (9th Cir. 1999), the Ninth Circuit upheld a district court's determination that the insurer had acted reasonably in interpleading the policy benefits given its good faith belief that it faced the possibility of multiple claims. Here, the court has already accepted the filing of the interpleader complaint, and as explained in its May 19, 2017 Order at the time that this interpleader

action was filed, there was a genuine dispute over the proper beneficiary of the $100,000.00 in proceeds from the policy in the aftermath of S.C. Code § 62-2-507.

There is no evidence in this case that State Farm acted in bad faith. To the contrary, State Farm filed this interpleader action in a prompt manner when it found itself subject to multiple potential claims for the proceeds of the policy. To the extent that Murphy is arguing that the delay in State Farm's filing the interpleader action constitutes bad faith, this argument fails as well. In <u>Aetna Life Ins. Co. v. Outlaw</u>, 411 F. Supp. 824 (D. Md. 1976), the court held that the insured had not acted in bad faith where it waited 21 months from the date that it was informed of the insured's death before bringing the interpleader action. Here, Murphy submitted a life insurance claim for payment of proceeds on August 18, 2015, and State Farm filed this interpleader lawsuit on December 1st, 2015. This is less than the 21 months that the <u>Aetna Life Ins. Co.</u> court found to be a reasonable amount of time to bring an interpleader actions.

The court therefore grants State Farm summary judgment on Murphy's counterclaim against State Farm that State Farm acted in bad faith by refusing to pay the life insurance proceeds to Murphy. By directing the interpleaded funds with interest to be deposited into the court, the court has already determined that State Farm has properly invoked interpleader. Faced with competing claims, State Farm properly filed this interpleader action. While the court ultimately finds that Murphy is entitled to summary judgment on the interpleader issue, State Farm had a reasonable basis to interplead the funds rather than pay Murphy outright.

### 3. Horning's Motion for Summary Judgment

Horning's motion for summary judgment argues that it is he, not Murphy, who is entitled to the $100,000.00 in proceeds from the Policy. ECF No. 135. As explained above in Section III.1, the court grants Murphy summary judgment on the interpleader issue. It necessarily then denies Horning's motion for summary judgment.

## IV. CONCLUSION

For the reasons set forth above, the court: (1) **GRANTS IN PART AND DENIES IN PART** Murphy's motion for summary judgment and fees, ECF No. 97, **GRANTING** as to summary judgment on the interpleader issue but **DENYING** as to fees; (2) **GRANTS IN PART AND DENIES IN PART** State Farm's motion for summary judgment, ECF No. 103, **GRANTING** as to Murphy's bad faith claim but **DENYING** as to the interpleader issue; and (3) **DENIES** Horning's motion for summary judgment on the interpleader issue, ECF No. 135.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 12, 2017**
**Charleston, South Carolina**